Filed 6/30/23  P. v. Miller CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B323209 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No.  TA037989) |
| v. | |
| GERALD LEE MILLER, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Connie R. Quinones, Judge.  Dismissed.

A. William Bartz, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

# INTRODUCTION

Appellant Gerald Lee Miller is currently serving a prison sentence that includes four one-year prison prior enhancements imposed pursuant to Penal Code section 667.5, subdivision (b).[1] Effective January 1, 2022, section 1172.75 rendered legally invalid all section 667.5, subdivision (b) enhancements not imposed for prior convictions for sexually violent offenses. Section 1172.75 also established a procedure to ensure resentencing of all individuals subject to invalidated enhancements; under this procedure, the Department of Corrections and Rehabilitation (CDCR) is obligated to identify eligible inmates, and the superior court is obligated to resentence them. Notwithstanding the statutory procedure, appellant filed a motion and three petitions for writ of habeas corpus in superior court, seeking resentencing under section 1172.75 and various other statutory provisions. He also filed objections to an order taking his matter off calendar. The superior court denied relief in a single order, concluding that appellant's request for resentencing under section 1172.75 was premature in light of the statutory procedure and that his other claims had been addressed in previous rulings.

Appellant appealed from the court's order. His appointed counsel filed a brief identifying no issues and requesting that this court follow the procedures set forth in *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*). Appellant filed a supplemental brief.

We dismiss the appeal. Generally, once judgment in a criminal case is rendered and execution of a sentence begins, trial

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

2

courts lack jurisdiction to vacate or modify a sentence. (*People v. King* (2022) 77 Cal.App.5th 629, 634 (*King*).) To the extent appellant filed motions seeking to modify his sentence, the trial court lacked jurisdiction over those motions, and we lack jurisdiction to consider an appeal from the court's ruling. To the extent appellant filed and the trial court denied petitions for writ of habeas corpus, the order is not appealable. (*Briggs v. Brown* (2017) 3 Cal.5th 808, 836.) None of the contentions in appellant's supplemental brief alters this conclusion or entitles him to relief.

## FACTUAL AND PROCEDURAL BACKGROUND

### I.    Conviction and Direct Appeal

In 1998, a jury convicted appellant of 11 felonies and found true related enhancements.[2] The superior court sentenced appellant to a total determinate term of 42 years. On count 1, attempted murder (§§ 187, 664), the court sentenced appellant to a total of 22 years: the upper term of nine years for attempted murder (§ 664, subd. (a)), plus 10 years for personal use of a firearm (§ 12022.5, subd. (a)), and three years for the infliction of great bodily injury (§ 12022.7, subd. (a)). On count 3, the court imposed a consecutive sentence totaling three years, four months for robbery (§ 211), a firearm enhancement (§ 12022.5, subd. (a)), and an enhancement for inflicting great bodily injury (§ 12022.7, subd. (a)). The court imposed consecutive sentences of two years, four months on each of counts 6, 7, and 8, for robbery (§ 211) and related firearm enhancements (§ 12022.5, subd. (a)). On count 13, the court imposed a consecutive sentence of three years, eight months for attempted murder (§§ 187, 664) and a related firearm enhancement (§ 12022.5, subd. (a)). Consecutive to the collective

---

[2] The 11 counts are numbered 1 through 13; counts 4 and 9 were dismissed.

consecutive term of 36 years, the court imposed one year for each of six prison priors, none of which was served for a sexually violent offense. (§ 667.5, subd. (b).) The court imposed and stayed sentences on count 2, attempted robbery (§§ 211, 664, 12022.5, subd. (a), 12022.7, subd. (a)), count 5, assault with a firearm (§§ 245, subd. (a)(2), 12022.7, subd. (a)), and counts 10, 11, and 12, felon in possession (former § 12021, subd. (a)), pursuant to section 654.

Appellant appealed his convictions and sentence. A different panel of this court affirmed his convictions but ordered his sentence modified. Pursuant to a remittitur issued June 27, 2000, the superior court struck two of the six one-year prison priors (§ 667.5, subd. (b)) and a great bodily injury enhancement (§ 12022.7, subd. (a)) on stayed count 5, and reduced appellant's restitution fine from $1,000 to $200. After these modifications, appellant was left with a total sentence of 40 years, including four one-year prison priors (reduced from the original six).

## II. Recent Changes in the Law

### A. Senate Bill No. 620

In 2017, the Legislature enacted Senate Bill No. 620 (2017–2018 Reg. Sess.) (SB 620). SB 620 amended sections 12022.5 and 12022.53 to give the superior court discretion to strike or dismiss firearm enhancements imposed under those sections in the interest of justice. (Stats. 2017, ch. 682, §§ 1 & 2; §§ 12022.5, subd. (c), 12022.53, subd. (h); see *People v. Baltazar* (2020) 57 Cal.App.5th 334, 337.) "[T]he authority to strike or dismiss a firearm enhancement applies only to nonfinal judgments or to final judgments where the defendant is being resentenced under some other law." (*People v. Baltazar*, *supra*, 57 Cal.App.5th at p. 341.)

4

**B.     Senate Bill Nos. 136**

Effective January 1, 2020, Senate Bill No. 136 (2018-2019 Reg. Sess.) (SB 136) amended section 667.5, subdivision (b) regarding prior prison term enhancements.  (See Stats. 2019, ch. 590.)  Former section 667.5, subdivision (b) imposed an additional one-year term for each prior separate prison term or county jail felony term, except under specified circumstances.  However, as amended by SB 136, section 667.5, subdivision (b) now imposes an additional one-year term only for prior prison terms served for convictions of sexually violent offenses.  (See § 667.5, subd. (b).)  SB 136 rendered prison priors imposed for non-sexually violent offenses legally invalid, but applied retroactively only to cases not yet final on January 1, 2020.  (*People v. Burgess* (2022) 86 Cal.App.5th 375, 380 (*Burgess*).)

**C.     Senate Bill No. 483**

In 2021, the Legislature enacted Senate Bill No. 483 (2021-2022 Reg. Sess.) (SB 483).  This bill made the changes implemented by SB 136 retroactive.  (Stats. 2021, ch. 728, § 1 ["it is the intent of the Legislature to retroactively apply . . .  Senate Bill 136 of the 2019-20 Regular Session to all persons currently serving a term of incarceration in jail or prison for these repealed sentence enhancements"].)   SB 483 took effect on January 1, 2022, and added former section 1171.1, now section 1172.75, to the Penal Code.  (Stats. 2021, ch. 728, § 3; Stats. 2022, ch. 58, § 12.)

Section 1172.75 provides, "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally invalid." (§ 1172.75, subd. (a).)  "The statute further establishes a mechanism to provide affected defendants a remedy for those

legally invalid enhancements." (*Burgess*, *supra*, 86 Cal.App.5th at p. 380.) That mechanism is section 1172.75, subdivision (b), which requires the Secretary of the Department of Corrections and Rehabilitation (CDCR) to identify all persons in custody to whom the provision applies and provide their information to the courts that sentenced them "[b]y March 1, 2022, for individuals who have served their base term and any other enhancements and are currently serving a sentence based on the enhancement," and "[b]y July 1, 2022, for all other individuals." (§ 1172.75, subds. (b)(1) & (b)(2).)  For purposes of the statute, "all other enhancements shall be considered to have been served first." (§ 1172.75, subd. (b)(1).)  Sentencing courts are required to resentence persons in the March 1, 2022 group by October 1, 2022, and the July 1, 2022 group by December 31, 2023. (§ 1172.75, subds. (c)(1) & (c)(2).)

   D.    **Senate Bill No. 81**

   Effective January 1, 2022, Senate Bill No. 81 (2021-2022 Reg. Sess.)  (SB 81) amended section 1385 to require the superior court to dismiss sentencing enhancements "if it is in the furtherance of justice to do so" and would not endanger public safety.  (See § 1385, subd. (c).)  SB 81 also added to section 1385 a list of mitigating circumstances for the court to consider when exercising its discretion to dismiss enhancements.  (See § 1385, subd. (c).)  Those circumstances include "[a]pplication of the enhancement would result in a discriminatory racial impact as described in paragraph (4) of subdivision (a) of Section 745," "[m]ultiple enhancements are alleged in a single case," "[t]he application of an enhancement could result in a sentence over 20 years," "[t]he current offense is not a violent felony as defined in subdivision (c) of Section 667.5," and "[t]he enhancement is based on a prior conviction that is over five years old."  (§ 1385, subds. (c)(2)(A), (B), (C), (F), (H).)  The changes effected by SB 81 "apply

6

to all sentencings occurring after January 1, 2022." (§ 1385, subd. (c)(7).)

### E. Assembly Bill No. 1540

Prior to January 1, 2022, "[f]ormer section 1170 [, subdivision] (d)(1) authorized a trial court, at any time upon the recommendation of the Secretary [of the CDCR], to 'recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence.'" (*People v. McMurray* (2022) 76 Cal.App.5th 1035, 1040 (*McMurray*).) Assembly Bill No. 1540 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 719, §§ 1-7) (AB 1540) moved the recall and resentencing provisions from section 1170, subdivision (d)(1) to former section 1170.03, which has since been renumbered without substantive change as section 1172.1. (See Stats. 2022, ch. 58, § 9.)

Section 1172.1 retained the recall and resentencing language of section 1170, subdivision (d)(1). It also added several requirements to the superior court's consideration of a recall and resentencing recommendation made by CDCR or other entities, not a defendant himself or herself. (See § 1172.1, subd. (a)(1).) These include appointing counsel for the defendant and holding a status conference within 30 days of the resentencing request. (§ 1172.1. subd. (b)(1).)

## III. Appellant's Filings

### A. Request for Judicial Notice

On November 19, 2021, appellant requested that the superior court take judicial notice of SB 483 and SB 81. Appellant asserted that he had been sentenced to six one-year prison priors that were no longer valid in light of SB 483, and that the court was required "to take immediate action" to grant him relief. He further suggested that SB 81 prohibited the

7

imposition of more than one enhancement for causing great bodily injury and multiple enhancements in a single case generally.

### B. April 21, 2022 Petition for Writ of Habeas Corpus[3]

On April 21, 2022, appellant filed a petition for writ of habeas corpus that asserted two grounds for relief. The first asserted ground for relief was "based on senate bill 483 and amended senate bill 136 [*sic*]." Appellant requested that the superior court strike his six one-year prison priors pursuant to those bills.

In the second asserted ground for relief, appellant contended that SB 620 and "Senate Bill 1385"[4] required the court to strike or dismiss certain of his enhancements. Despite not being sentenced under section 12022.53, appellant also invoked section 12022.53, subdivision (f), which limits the number of enhancements that may be imposed pursuant to that section and

---

[3] In this petition, appellant asserted that he filed a motion for resentencing pursuant to SB 483 and SB 81 on January 17, 2022, and that the superior court "refused to hear the issue. And/Or respond to the motion for resentencing." No such motion or ruling appears in the appellate record.

[4] This court's research has not uncovered a relevant Senate Bill with this number. It appears that appellant may have been referring to section 1385, or to Senate Bill No. 1393 (2017-2018 Reg. Sess.) (SB 1393), which amended section 1385, subdivision (b)(1) to authorize courts to strike five-year prison prior enhancements imposed under section 667, subdivision (a) "in the furtherance of justice." (Stats. 2018, ch. 1013, §§ 1, 2.) As a different panel of this court previously explained, SB 1393 is inapplicable here because appellant was not sentenced under section 667, subdivision (a). (See *People v. Miller* (Nov. 16, 2021, B310804) [nonpub. opn.].)

certain others.  (See § 12022.53, subd. (f).)  Appellant requested that the court resentence him by "striking penal code section 12022.7(a) [*sic*] from counts 1-2 and 5 for a total of 15 years and any other relief that this amendment privides [*sic*] for the appellant."

## C.    April 27, 2022 Petition for Writ of Habeas Corpus

Appellant filed another petition for writ of habeas corpus in the superior court on April 27, 2022.  This petition sought relief on three grounds. First, appellant asserted that the CDCR violated his due process rights by refusing to accept jurisdiction over his "legally invalid sentence."  Appellant asserted that he attempted to file a complaint regarding SB 136 and SB 483 in the grievance office of the state prison, but the CDCR denied it based on a lack of jurisdiction.  Appellant attached the response he received, which stated that his claim (which is not itself in the record) "does not involve a claim against the Department or departmental staff so it is outside the jurisdiction of the Department."  He requested that the court strike his six one-year prison priors pursuant to SB 136 and SB 483.

In the second asserted ground for relief, appellant suggested that SB 81 required the court to strike unspecified enhancements from his sentence in the furtherance of justice.  He asserted that mitigating circumstances present included "(a) Discriminatory racial Impact, (b) Multiple Enhancement alleged in a single case. (f) Current Offense is a Non-Violent offense defined by Penal Code sec.667.5(g)(1), and (h) Enhancement based on a prior conviction over five years old."

In the third asserted ground for relief, appellant reiterated the contentions regarding SB 620 and "Senate Bill 1385" that he made in the April 21, 2022 writ petition.  He also requested counsel pursuant to AB 1540.

9

**D.     May 3, 2022 Petition for Writ of Habeas Corpus**

Appellant filed a third petition for writ of habeas corpus in the superior court on May 3, 2022.  This petition was substantively identical to the petition filed on April 27, 2022.

**E.     July 19, 2022 Objections and July 20, 2022 Declaration**

On July 5, 2022, the superior court issued a minute order stating that the court had called the case "for habeas corpus petition."  The order stated, in relevant part:  "Defendant is not present in court, and not represented by counsel[.] [¶] The court finds good cause to place this matter off calendar this date. Petition to be addressed in chambers."  The court sent a copy of the minute order to appellant.

On July 19, 2022, appellant filed objections to the July 5, 2022 minute order.  He asserted that the "fair administration of justice" required appointment of counsel and his presence in court for a hearing.

On July 20, 2022, appellant filed a declaration stating that he had filed a petition for writ of habeas corpus on April 17, 2022 [*sic*] and had requested counsel.  He further asserted that the court on June 27, 2022 had ordered counsel to be appointed by July 5, 2022; no such order appears in the appellate record. Appellant also stated that the court ordered the matter off calendar "and counsel not be appointed."

**IV.    Superior Court Ruling**

On July 20, 2022, the court issued a minute order addressing the filings summarized above.  It stated that it had received and reviewed "all the above listed petitions pursuant to Penal Code 1171.1 [now section 1172.75] and SB483," and also considered "issues raised pursuant to SB1393, SB136 and SB620."  The court summarily denied the petitions as a matter of law. It stated:  "There is no provision within the statute which

10

allows for an inmate to initiate the review process.  [¶] Per Penal Code section 1171.1, the California Department of Corrections, [*sic*] and Rehabilitation (CDCR) is given the task of identifying inmates who have a now invalid enhancement as part of their sentence.  The CDCR will provide the names of affected inmates within specified time limits.  [¶] Petitioner's request is premature given the process established by the Legislature.  [¶] As to petitioner's claims raised pursuant to SB1393, and SB620, all of these have been raised and ruled on in previous writs.[5]  [¶] For the foregoing reasons, the petitions, all five (5) of them, are denied without prejudice."

## V.     Appeal

Appellant timely filed a notice of appeal.  Appellant's appointed counsel filed a brief raising no issues and requesting that this court follow the procedures forth in *Serrano*, *supra*, 211 Cal.App.4th 496.  (See also *People v. Delgadillo* (2022) 14 Cal.5th 216, 226, 231-232 (*Delgadillo*) [defendant not entitled to independent review of the record in appeal from denial of postconviction relief, and appeal may be dismissed as abandoned if no supplemental brief is filed].)  The court notified appellant he had 30 days to file a supplemental brief and that his appeal may be dismissed as abandoned if he declined to do so.  Appellant timely filed a supplemental brief.

---

**5** Indeed, a different panel of this court affirmed an earlier order denying appellant's requests for relief under SB 1393 and SB 620.  (See *People v. Miller* (Nov. 16, 2021, B310804) [nonpub. opn.].)  Other panels of this court also have denied petitions for writ of habeas corpus substantively similar to those appellant filed below in this case.  (See *Miller v. Superior Court of Los Angeles County* (Sept. 9, 2022, No. B322495) [nonpub. order]; *In re Miller* (March 24, 2022, No. B318764) [nonpub. order].)

## DISCUSSION

We conclude this court lacks jurisdiction over this appeal because neither the denial of appellant's sentencing motions nor the denial of his petitions for writ of habeas corpus is an appealable order.

Section 1237, subdivision (b) makes post-judgment orders affecting a criminal defendant's substantial rights appealable. (§ 1237, subd. (b).) However, post-judgment orders denying motions to vacate or modify a sentence generally are not appealable under this statutory section.

"The general rule is that 'once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence.' [Citations.]" (*King, supra*, 77 Cal.App.5th at p. 634.) When the superior court does not have jurisdiction to rule on a motion to vacate or modify a sentence, an order denying such a motion cannot affect the defendant's substantial rights. (*Id.* at p. 639.) The unauthorized sentence doctrine does not provide a jurisdictional loophole "for a trial court to rule on an incarcerated defendant's motion to correct an alleged illegal sentence after the conviction is final and after the execution of the sentence has begun." (*Id.* at pp. 641-642.)

There are limited exceptions to this general rule. For instance, the superior court retains jurisdiction to resentence a defendant where "specific statutory avenues" authorize defendants to seek resentencing. (*King, supra*, 77 Cal.App.5th at p. 637.) Although it provides a procedure for resentencing, section 1172.75 does not authorize a defendant to initiate a request for resentencing via motion or other means. "[A]ny review and verification by the court in advance of resentencing is only triggered by receipt of the necessary information from the CDCR Secretary or a county correctional administrator, not by

12

any individual defendant." (*Burgess*, *supra*, 86 Cal.App.5th at p. 384.)  The same is true of section 1172.1, which permits recall and resentencing only at the request of CDCR and other entities. (See § 1172.1, subd. (a)(1).)  SB 81 similarly does not authorize motions for relief by defendants sentenced prior to January 1, 2022.  (See § 1385, subd. (c)(7).)  The superior court accordingly lacked jurisdiction over appellant's motion for resentencing, and we lack jurisdiction to hear the appeal from the denial of that motion.

We note that once the statutory prerequisites have been complied with and the pertinent information is received from the CDCR,  appellant may, and likely will, be entitled to have his sentence recalled and be resentenced pursuant to section 1172.75.  At that time, he may be entitled to resentencing, and to the striking of one or more of the enhancements he challenges. However, as the superior court found, appellant is not entitled to initiate the section 1172.75 process and recall his sentence on his own motion, in advance of the process contemplated by statute. (See *Burgess*, *supra*, 86 Cal.App.5th at 384.)  Without a statutory or other avenue to recall the sentence, the superior court lacked jurisdiction to hear appellant's motion, and we lack jurisdiction to hear the appeal.

We also lack jurisdiction to hear an appeal from the denial of appellant's petitions for writ of habeas corpus.  "A petitioner currently has no right to appeal from a superior court denial of habeas corpus relief. Instead, review is obtained by filing a new habeas corpus petition in a higher court." (*Briggs v. Brown*, *supra*, 3 Cal.5th at p. 836.)

None of the contentions in appellant's supplemental brief alters this conclusion or entitles him to relief.  We address each in turn.  (See *Delgadillo*, *supra*, 14 Cal.5th at pp. 231-232.)

13

First, appellant contends his appellate counsel rendered ineffective assistance. However, there is no constitutional right to effective assistance of counsel in state postconviction proceedings or proceedings to obtain collateral relief from a judgment of conviction. (*Delgadillo*, *supra*, 14 Cal.5th at pp. 226-227.) Even if there were, appellant has not demonstrated that his counsel's performance fell below an objective standard of reasonableness or that he suffered prejudice as result. (See *Strickland v. Washington* (1984) 466 U.S. 668, 687-688.) Similarly, there is no indication that appellant had a right to counsel below or was prejudiced by the superior court's failure to appoint counsel.

Next, acknowledging the process for SB 483 relief set forth in section 1172.75, appellant contends that CDCR should have identified him as an eligible candidate for resentencing by March 1, 2022, and that he should have been resentenced by October 1, 2022. Appellant contends he falls within this group of inmates because he "has already served his base term of (19) years" and "is now only doing enhancement time."

Appellant misapprehends the calculation of "base terms" and "enhancement time" for the purposes of section 1172.75. For purposes of section 1172.75, "all other enhancements shall be considered to have been served first." (§ 1172.75, subd. (b)(1).) This means that appellant will not be serving what he terms invalid "enhancement time"—no longer valid one-year prison priors imposed pursuant to section 667.5, subdivision (b)—until he completes all other portions of his sentence. Appellant has not yet reached that milestone. His "base term" of non-stayed, unenhanced sentences for the actual crimes he committed totaled 15 years, four months. His firearm and great bodily injury enhancements total an additional 20 years, 8 months. Only after that 36 years of time is served will appellant begin serving his

14

four remaining one-year prison priors. Appellant was sentenced in 1998; he has thus served approximately 25 years and has provided no evidence that he is, for the purposes of section 1172.75, serving a sentence based on any invalid section 667.5, subdivision (b) enhancements. To the extent he may be eligible for relief under SB 483, appellant should be in the group of inmates who must be resentenced by December 31, 2023. To the extent he contends he should be resentenced now for the sake of efficiency, he impermissibly relies on an unpublished opinion that may not be cited or relied upon. (Cal. Rules of Court, Rule 8.1115(a).)

Appellant next contends that his sentence is unauthorized and therefore may be corrected at any time, specifically, by this court. He further asserts we are required to do so to ensure he receives speedy relief under habeas corpus principles. As noted above, the unauthorized sentence doctrine "does not itself create jurisdiction for a trial court to rule on an incarcerated defendant's motion to correct an alleged illegal sentence." (*King*, *supra*, 77 Cal.App.5th at pp. 641-642.) Nor is the denial of appellant's habeas petitions an appealable order. While appellant urges us to construe his appeal as a petition for writ of habeas corpus, we decline to do so. If appellant wishes to pursue habeas relief, he must do so in accordance with the procedures governing such petitions.

## DISPOSITION

The appeal is dismissed.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


COLLINS, J.

We concur:


CURREY, ACTING, P.J.


MORI, J.